UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIO A. SABATES,

    Plaintiffs,

v.    CASE NO: 8:04-cv-824-T-26MSS

HOWARD R. CURD,

    Defendant.
_____

FELICIANO S. SABATES, et al.,

    Plaintiffs,

v.    CASE NO: 8:04-cv-825-T-26MSS

CAROLYN P. SABATES, et al.,

    Defendant.
_____/

**O R D E R**

    Defendant Howard R. Curd has filed a motion to dismiss prompting this Court to undertake an assessment of Plaintiffs' complaints in each of these consolidated cases.[1] After doing so, the Court determines that Plaintiffs' complaints are the essence of what the Eleventh Circuit Court of Appeals has characterized on many occasions as "shotgun pleadings." Given this determination, and consistent with Eleventh Circuit precedent, the

---

[1] The Court has previously entered an order pursuant to stipulation that the cases against the other Defendants should be stayed pending arbitration.

Court will strike Plaintiffs' complaints, direct that they replead them, and deny Defendants' motion as moot.

In case number 04-824, Plaintiff Mario A. Sabates has sued Defendant Howard R. Curd in a forty (40) page complaint consisting of twelve (12) counts and 138 numbered paragraphs. In case number 04-825, Plaintiffs Feliciano S. Sabates and Carolyn P. Sabates have sued Defendant Howard R. Curd in a forty-one (41) page complaint consisting of 12 counts and 140 numbered paragraphs. In each complaint, Plaintiffs incorporate by reference the allegations of each preceding count, a pleading practice that has been repeatedly condemned by the Eleventh Circuit under the rubric of "shotgun pleadings." See e.g., Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F. 3d 1293, 1295 (11th Cir. 2002). As the Eleventh Circuit explained, "[t]he typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Id. As a consequence, "in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous." Id. (footnote omitted).

Such is the situation presented by Plaintiffs' respective complaints, a situation further exacerbated by their incorporation by reference of the wholesale allegations of a class action complaint filed in a completely separate proceeding. When confronted by a "shotgun pleading," the Eleventh Circuit has sent a clear signal to district courts: act on

your own initiative and require a repleader.  See Lumley v. City of Dade City, 327 F. 3d 1186, 1192 n.13 (11th Cir. 2003).

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1)   Plaintiffs shall file amended complaints within 20 days of the date of the entry of this order.[2]

2)   Defendant Howard R. Curd shall file his response within 20 days of receipt of the amended complaints.[3]

3)   Defendant Howard R. Curd's Motion to Dismiss and Request for Oral Argument are denied as moot.

**DONE AND ORDERED** at Tampa, Florida, on July 12, 2004.

s/
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[2]  In repleading allegations relating to fraudulent activity, Plaintiffs are reminded of the specificity requirements of Rule 9(b), Federal Rules of Civil Procedure.  See Ziemba v. Cascade Int'l, Inc., 256 F. 3d 1194, 1202 (11th Cir. 2001) (and cases cited).

[3]  Should Defendant Howard R. Curd chose to respond by filing another motion to dismiss for failure to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, he should be mindful that this Court may not consider matters beyond the complaint in resolving the motion, see Milburn v. United States, 734 F. 3d 762, 765 (11th Cir. 1984), nor may the Court dismiss a complaint based on the affirmative defense of the statute of limitations unless that defense clearly appears on the face of Plaintiffs' complaints to the extent that it bars recovery.  See Marsh v. Butler County, 268 F. 3d 1014, 1022 (11th Cir. 2001) (en banc).