UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIO A. SABATES,

    Plaintiff,

v.                                            Civil Action No. 8:04-CV-824-T17MSS
                                            Lazzara, J.

HOWARD R. CURD, HOWARD F. CURD,
EILEEN S. CURD, JESUP & LAMONT
SECURITIES CORPORATION, and
KC MAY SECURITIES
CORPORATION,

    Defendants.

_____

FELICIANO S. SABATES and
CAROLYN P. SABATES,

    Plaintiffs,

v.                                            Civil Action No. 8:04-CV-825-T26MSS
                                            Lazzara, J.

HOWARD R. CURD, HOWARD F. CURD,
EILEEN S. CURD, JESUP & LAMONT
SECURITIES CORPORATION, and
KC MAY SECURITIES
CORPORATION,

    Defendants.
_____/

**UNOPPOSED MOTION TO MODIFY PAGE LIMITS
AND FOR EXTENSION OF TIME
<u>AND INCORPORATED MEMORANDUM OF LAW</u>**

    Plaintiffs, by undersigned counsel and pursuant to Rule 6(b) of the Federal Rules of Civil

Procedure and Local Rule 3.01, hereby respectfully request that this Court: (a) grant leave to file

a memorandum in opposition to Defendant Howard R. Curd's motion to dismiss of up to 30 pages; and (b) extend the time in which Plaintiffs may respond to the motion to dismiss up to and including Friday, February 18, 2005. The grounds for this motion are set out in the incorporated memorandum of law.

## **MEMORANDUM OF LAW**

Rule 6(b) of the Federal Rules of Civil Procedure provides:

> When by . . . order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

By endorsed Order entered on December 21, 2005, this Court granted Defendant Howard R. Curd leave to file a memorandum in support of his motion to dismiss of up to 30 pages. Plaintiffs did not oppose this motion. As a matter of basic fairness and due process, Plaintiffs should have the same 30 pages to oppose Defendant's motion that Defendant had to support it.

By endorsed Order entered on December 15, 2005, this Court granted Defendant Howard R. Curd's Unopposed Motion for Extension of Time such that Defendant had until January 21, 2005 to respond to Plaintiffs' Amended Complaints, which were filed on November 12, 2004. (Plaintiffs filed two amended complaints – one on behalf of Felix and Carolyn Sabates and one on behalf of their son Mario Sabates. The two complaints are substantively identical, apart from the fact that the complaint for Felix and Carolyn includes an allegation of diversity jurisdiction.) As a result, Defendant had **ten (10) weeks** to respond to the Amended Complaints. Plaintiffs consented to all of Defendant's extension requests that resulted in this ten-week response period. Similarly, Defendant previously had **more than ten (10) weeks** (from April 29, 2004 until July 12, 2004) to respond to Plaintiffs' original complaints, which asserted essentially the same

2

claims as Plaintiffs' amended complaints. Plaintiffs consented to all of Defendant's extension requests that resulted in the more than ten-week response period.

On Friday night, January 21, 2005, at 10:25 p.m., Defendant filed his motion to dismiss, along with eleven (11) other documents, including a declaration and seven (7) exhibits. In total, these documents amounted to 245 pages. Due to the sheer volume of these materials, which Plaintiffs have not yet had the opportunity to review fully, and counsel's other professional obligations (including responding to another motion filed in this case by Defendant's counsel (on behalf of one of Howard R. Curd's co-Defendants, KC May Securities Corporation) at 7:26 p.m. on Friday night, January 21, 2005), Plaintiffs require a brief extension of time, until February 18, 2005, to respond to Defendant's motion to dismiss.[*] As a matter of basic fairness and due process, Plaintiffs should have four weeks to respond to Defendant's motion to dismiss when Defendant had ten weeks to prepare it.

This relief is being sought in good faith and not for the purposes of delay.

### RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certify that they have conferred with Defendants' counsel concerning the relief sought herein, and Defendants do not intend to oppose this motion.

---

[*] Plaintiffs believe that Defendant filed these materials in total disregard of this Court's Order entered on July 12, 2004, in which the Court stated that should Defendant file a motion to dismiss Plaintiffs' amended complaints "he should be mindful that this Court may not consider matters beyond the complaint in resolving the motion, . . . nor may the Court dismiss a complaint based on the affirmative defense of the statute of limitations unless that defense clearly appears on the face of Plaintiffs' complaint to the extent that it bars recover." (*Id.* at 3 n.3 (citations omitted).) Accordingly, Plaintiffs reserve all their rights to move to strike the extraneous and inappropriate materials Defendant has filed in support of his motion to dismiss and the improper arguments Defendant has asserted that rely on such materials.

WHEREFORE Plaintiffs respectfully request that this Court grant their motion to permit the filing a memorandum in opposition to Defendant Howard R. Curd's motion to dismiss of up to 30 pages, and extend the time in which they may respond to Defendant's motion to dismiss up to and including Friday, February 18, 2005.

/s/ Robert R. Hearn
Robert R. Hearn
Florida Bar. No. 0067687
Joshua R. Heller
Florida Bar No. 0502901
ZUCKERMAN SPAEDER LLP
101 East Kennedy Blvd.
Suite 1200
Tampa, FL 33602
Tel: (813) 221-1010
Fax: (813) 223-7961


Donald A. Loft, Trial Counsel
Georgia Bar No. 455706
Ross A. Albert
Georgia Bar No. 007749
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326
Tel: (404) 233-7000
Fax: (404) 365-9532

Attorneys for plaintiffs FELICIANO S. SABATES, CAROLYN P. SABATES AND MARIO A. SABATES

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2004, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Tucker H. Byrd, Esq., Greenberg Traurig LLP, 450 S. Orange Avenue, Suite 650, Orlando, Florida 32801 and Ronald D. Lefton, Esq. Greenberg Traurig, LLP, 885 3rd Avenue, 21st Floor, New York, NY 10022.

Attorney