# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

|  |  |  |
|---|---|---|
| | X | |
| FELICIANO S. SABATES and | : | |
| CAROLYN P. SABATES, | | |
| | : | CIVIL ACTION NO. |
| Plaintiffs, | | 8:04-cv-824-RAL-MSS |
| | : | |
| - against - | | |
| | : | |
| HOWARD R. CURD, HOWARD F. CURD, | | |
| EILEEN S. CURD, JESUP & LAMONT | : | |
| SECURITIES CORPORATION, and | | |
| KC MAY SECURITIES | : | |
| CORPORATION, | | |
| | : | |
| Defendants. | X | |

## ANSWER TO AMENDED COMPLAINT

Defendant Howard R. Curd ("Curd"), by his attorneys Greenberg Traurig, LLP, for his answer to plaintiffs' Amended Complaint ("Complaint") hereby alleges as follows:

## NATURE OF THE CASE

1.    Denies the allegations contained in paragraph 1 of the Amended Complaint.

## THE PARTIES

2.    Admits that Felix and Carolyn Sabates jointly owned a securities account for which defendant KC May Securities Corporation ("KC May"), formerly doing business under the name Jesup & Lamont Securities Corporation,[1] was the forwarding broker, and

---

[1] Plaintiffs' Amended Complaint mistakenly refers to "Jesup & Lamont" as the relevant entity prior to February 2002. For purposes of this Answer, Howard R. Curd assumes Plaintiffs intended to refer to KC May.

denies having knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 2 of the Amended Complaint.

3.      Denies the allegations contained in paragraph 3 of the Amended Complaint, except admits that Curd was the Chairman and CEO of Uniroyal at all relevant times and Curd is a resident of Florida.

4.      Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint except admits that Howard F. Curd is a resident of New York.

5.      Denies the allegations contained in paragraph 5 of the Amended Complaint, except admits that Eileen S. Curd was a registered representative with Jesup & Lamont and that she is a resident of Florida.

6.      Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint.

7.      Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

## JURISDICTION AND VENUE

8.      The allegations in paragraph 8 of the Amended Complaints constitute legal conclusions to which no answer is required and, on that basis, Curd denies the allegations in paragraph 8.

9.      The allegations in paragraph 9 of the Amended Complaints constitute legal conclusions to which no answer is required and, on that basis, Curd denies the allegations in paragraph 9.

## FACTUAL BACKGROUND

Curd objects to and denies the allegations contained in Heading "A" of the Amended Complaint.

10.    Denies the allegations contained in paragraph 10 of the Amended Complaint except admits that he had been CEO, President and Chairman of the Board of The Jesup Group, Inc. at various times and states that complete information can be found in public filings of The Jesup Group Inc.

11.    Denies the allegations contained in paragraph 11 of the Amended Complaint.

12.    Denies the allegations contained in paragraph 12 of the Amended Complaint.

13.    Denies the allegations contained in paragraph 13 of the Amended Complaint except (i) admits that in or around 1988 The Jesup Group sold certain assets in a management buyout to a group that included Howard F. Curd, his son; and (ii) denies having knowledge or information sufficient to form a belief as to the allegations contained in the last sentence of paragraph 13 of the Amended Complaint.

14.    Denies the allegations in paragraph 14 of the Amended Complaint.

15.    Admits that approximately in or around November 1990 Eileen Sena registered with KC May and she subsequently married Curd.

16.    Denies the allegations contained in paragraph 16 of the Amended Complaint, except admits that in the early 1990's certain subsidiaries of The Jesup Group Inc. filed for protection under Chapter 11 of the United States Bankruptcy Code, that UTC was formed in the reorganization, and that Curd became CEO and Chairman of UTC.

Curd objects to and denies the allegations contained in Heading "B" of the Amended Complaint.

17.    Denies the allegations contained in paragraph 17 of the Amended Complaint.

18.    Denies the allegations contained in paragraph 18, of the Amended Complaint except admits that Curd owned shares of UTC common stock and options, and received compensation as CEO and Chairman, all as disclosed in his and UTC's public filings.

19.    Denies the allegations contained in paragraph 19 of the Amended Complaint, except admits that UTC sought to enter the high technology optoelectronics market and in 1998 entered into a joint venture with Emcore Corporation for the purpose, ultimately, to manufacture High Brightness Light Emitting Diodes (HB-LEDs) and admits that in 2000 a UTC subsidiary entered into a merger agreement by which it acquired Sterling Semiconductor Inc.

20.    Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint except admits that during parts of 1995 through part of 1997, Howard R. Curd was a member of Emcore's Board of Directors.

21.    Denies the allegations contained in paragraph 21 of the Amended Complaint.

22.    Denies the allegations contained in paragraph 22 of the Amended Complaint.

23.    Denies the allegations contained in paragraph 23 of the Amended Complaint but states that the daily closing prices for UTC common shares were publicly available.

24.    Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint except admits

that certain putative class actions have been commenced against Curd and others, and that UTC filed a bankruptcy petition in August 2002.

25.    Denies the allegations contained in paragraph 25 of the Amended Complaint and states further that the purported incorporation of paragraphs from the *Bellocco* Complaint has been stricken.

26.    Denies the allegations contained in paragraph 26 of the Amended Complaint except admits that Hon. Thomas B. McCoun III, United States Magistrate Judge, issued a report and recommendation to which Curd has filed objections and those objections remain pending.

Curd objects to and denies the allegations in Heading "C" of the Amended Complaint.

27.    Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint.

28.    Denies the allegations contained in paragraph 28 of the Amended Complaint.

29.    Denies the allegations contained in paragraph 29 of the Amended Complaint except admits that KC May received certain investment banking and financial advisory fees from UTC and that Howard F. Curd was a member of the UTC Board of Directors from May 2001 through December 2001.

30.    Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint.

31.    Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint.

32.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint.

33.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint.

34.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint.

35.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint.

36.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint.

37.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Complaint.

38.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint.

39.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Amended Complaint except admits that there are NASD Rules of Conduct with which registered persons are required substantively to comply.

40.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Amended Complaint.

41.     The allegations of paragraph 41 constitute legal assertions and conclusions to which no response is required, and on that basis, Curd denies the allegations in paragraph 41.

42.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Amended Complaint.

43.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint.

44.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Complaint.

45.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Amended Complaint.

46.     Denies the allegations contained in paragraph 46 of the Amended Complaint.

Curd objects to and denies the allegations contained in Heading "D" of the Amended Complaint.

47.     Denies the allegations contained in paragraph 47 of the Amended Complaint except admits that for more than ten years Plaintiffs Felix and Carolyn Sabates were friends with Curd and Eileen Sena Curd.

48.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint, except states that the daily closing prices for UTC common shares were publicly available.

49.     Denies the allegations contained in paragraph 49 of the Amended Complaint.

50.     Denies the allegations contained in paragraph 50 of the Amended Complaint.

51.     Denies the allegations contained in clauses (a) through (e) of paragraph 51 of the Amended Complaint and, therefore, the predicate allegation of a failure to disclose is untrue and is denied as to Curd; and otherwise denies having knowledge and information

sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Complaint as to Eileen S. Curd, Howard F. Curd, Jesup & Lamont and KC May.

52.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint.

53.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint.

54.     Denies the allegations contained in paragraph 54 of the Amended Complaint as they pertain to Curd and otherwise denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained therein except admits that Plaintiffs were shareholders of UTC.

55.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Amended Complaint.

Curd objects to and denies the allegations contained in Heading "E" of the Amended Complaint.

56.     Admits the allegations contained in paragraph 56 of the Amended Complaint.

57.     Denies the allegations contained in paragraphs 57 of the Amended Complaint except admits that Five Points acted as investment banker and owns a minority percentage of a company that bought assets in the UTC bankruptcy.

## COUNT 1
## CIVIL CONSPIRACY
## <u>AGAINST ALL DEFENDANTS</u>

58.     Denies the allegations contained in paragraphs 58, 59, and 60 of the Amended Complaint.

**COUNT II**
**SECURITIES FRAUD**
**(SEC RULE 10B-5-**
**MISSTATEMENTS AND OMISSIONS)**
**AGAINST ALL DEFENDANTS**

59.     Denies the allegations contained in paragraphs 61, 62, 63, 64, and 65 of the

Amended Complaint.

**COUNT III**
**SECURITIES FRAUD**
**(SEC RULE 10B-5-**
**MARKET MANIPULATION)**
**AGAINST ALL DEFENDANTS**

60.     Denies the allegations contained in paragraphs 66, 67, 68, 69, and 70 of the

Amended Complaint.

**COUNT IV**
**FLORIDA CRCPA**
**(FLA. STAT. ANN. § 772.103(1) & (2))**
**AGAINST ALL DEFENDANTS**

61.     Denies the allegations contained in paragraphs 71, 72, and 73 of the Amended

Complaint.

**COUNT V**
**FLORIDA CRCPA**
**(FLA. STAT. ANN. § 772.103(4))**
**AGAINST ALL DEFENDANTS**

62.     Denies the allegations contained in paragraphs 74, and 75 of the Amended

Complaint.

**COUNT VI**
**FLORIDA CRCPA**
**(FLA. STAT. ANN. §§ 517.301(1))**
**<u>AGAINST ALL DEFENDANTS</u>**

63.     Denies the allegations contained in paragraph 76 of the Amended Complaint and to the extent Plaintiffs claim a failure to disclose certain things at clauses (a) through (e), denies the truth of the allegations in those clauses and denies, therefore, any duty to disclose.

64.     Denies the allegations contained in paragraph 77 of the Amended Complaint.

**COUNT VII**
**SECURITIES FRAUD/BOILER ROOM**
**(FLA. STAT. ANN. §§ 517.312(1)(B))**
**AGAINST HOWARD R. CURD,**
**<u>HOWARD F. CURD AND EILEEN CURD</u>**

65.     Denies the allegations contained in paragraph 78 of the Amended Complaint.

66.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Amended Complaint.

67.     Denies the allegations contained in paragraphs 80 and 81 of the Amended Complaint.

**COUNT VIII**
**COMMON LAW FRAUD**
**AGAINST**
**HOWARD R. CURD, EILEEN CURD**
**<u>JESUP & LAMONT AND KC MAY</u>**

68.     Denies the allegations as to Curd, and denies having knowledge and information sufficient to form a belief as to the truth of the allegations as to Eileen Curd, Jesup & Lamont, and KC May, contained in paragraph 82 of the Amended Complaint.

69.     Denies the allegations contained in clauses (a) through (e) of paragraph 83 of the Amended Complaint and therefore the predicate allegation of a failure to disclose is illogical and is denied.

70.     Denies the allegations contained in paragraphs 84, 85, and 86 of the Amended Complaint.

**COUNT IX**
**BREACHES OF FIDUCIARY DUTIES**
**AGAINST EILEEN CURD**
**JESUP & LAMONT AND KC MAY**

71.     Curd answers Count IX by stating that it is not asserted against him and therefore no answer is required, however, he denies all substantive allegations to the extent Plaintiffs purport to assert them to allege a conspiracy.

72.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 87, 88, and 89 of the Amended Complaint.

**COUNT X**
**AIDING AND ABETTING**
**BREACHES OF FIDUCIARY DUTIES**
**AGAINST HOWARD R. CURD**
**AND HOWARD F. CURD**

73.     Denies the allegations contained in paragraphs 90, and 91 of the Amended Complaint.

**COUNT XI**
**NEGLIGENT MISREPRESENTATION**
**AGAINST**
**HOWARD R. CURD, EILEEN CURD**
**JESUP & LAMONT AND KC MAY**

74.    Denies the allegations contained in paragraph 92 of the Amended Complaint as to Curd, denies having knowledge and information sufficient to form a belief as to the truth of the allegations as to Eileen Curd, Jesup & Lamont and KC May.

75.    Denies the allegations contained in paragraphs 93 and 94 of the Amended Complaint.

**COUNT XII**
**NEGLIGENCE**
**AGAINST EILEEN CURD**
**JESUP & LAMONT AND KC MAY**

76.    Curd answers Court XII by stating that it is not asserted against him and therefore no answer is required, however, he denies all substantive allegations to the extent Plaintiffs purport to assert then to allege a conspiracy.

77.    Denies the allegations contained in paragraphs 95, 96 and 97 of the Amended Complaint.

78.    All allegations not specifically addressed herein are hereby denied.

**DEFENSES**

Curd hereby asserts the following defenses, without assuming any burden of proof that would otherwise fall on Plaintiffs.

**FIRST DEFENSE**

The Amended Complaint and each of its counts fail to state a claim on which relief can be granted against Curd.

## SECOND  DEFENSE

The Amended Complaint is barred in whole or in part by the applicable statutes of limitation and repose, including those set forth in the Securities Exchange Act of 1934, the Sarbanes Oxley Act, and the Florida Securities law.

## THIRD  DEFENSE

Plaintiffs' alleged reliance on the statements and omissions alleged in the Amended Complaint was not reasonable.

## FOURTH  DEFENSE

Curd cannot be liable under the federal securities laws for Howard F. Curd's alleged wash trades or KC May's allege research reports because Curd did not play a primary role in these actions.  Nor can Curd be liable under the federal securities laws for Eileen S. Curd's alleged misstatements and omissions because Curd did not play a primary role in those actions.

## FIFTH  DEFENSE

Plaintiffs' claims are barred because the alleged misrepresentations or omissions in the Amended Complaint were not material to Plaintiffs.

## SIXTH  DEFENSE

Plaintiffs' claims are barred because the Amended Complaint is devoid of any factual allegation concerning production or other problems at UTC during the relevant period and absent such allegations no fraud has been alleged against Curd.

## SEVENTH  DEFENSE

Plaintiffs' claims are insufficient because they can not establish the elements of a claim under Rule 10b-5, Florida Securities Law, common-law fraud, or negligent

misrepresentation, including, but not limited to (i) falsity, (ii) knowledge of falsity (iii) reasonable reliance (including fraud on the market), (iv) scienter, (v) materiality and (vi) loss causation.

## EIGHTH  DEFENSE

Plaintiffs' claims are barred because they are sophisticated and accredited investors who were familiar with the risks attendant to the high technology business and knowingly assumed those risks.

## NINTH  DEFENSE

Plaintiffs' claims are precluded by the Safe Harbor Provisions of the PSLRA.

## TENTH  DEFENSE

Plaintiffs cannot rely on any theory or doctrine of group pleading.

## ELEVENTH  DEFENSE

Plaintiffs' claims are barred because they did not purchase or sell shares in reliance on the alleged misstatements or misrepresentations.

## TWELFTH  DEFENSE

Plaintiffs' claims are barred by their own failure to conduct adequate due diligence and review publicly available information regarding UTC which contained meaningful cautionary statements that preclude Plaintiff from prevailing on his claims.

## THIRTEENTH  DEFENSE

Plaintiffs cannot rely on any alleged conflict of interest because Plaintiffs had actual knowledge of an alleged conflict and are therefore estopped.

## FOURTEENTH  DEFENSE

The action is barred in whole or in party by Plaintiffs' failure to mitigate damages.

### FIFTEENTH  DEFENSE

Plaintiffs are barred from recovering under any of the purported causes of action because of unclean hands, assumption of the risk, comparative negligence and contributory negligence.

### SIXTEENTH  DEFENSE

Any damages allegedly suffered by Plaintiffs are the result of factors for which Curd bears no responsibility, such as the overall decline of the market for high-technology stocks, or the acts of other people with whom Curd is not affiliated and for whom Curd is not liable.

### SEVENTEENTH  DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

### EIGHTEENTH DEFENSE

Plaintiffs have failed to join all necessary parties without whom the action may not proceed.

### NINETEENTH DEFENSE

Certain of Plaintiffs' causes of action fail because NASD Conduct Rules do not provide Plaintiffs with a private right of action.

### TWENTIETH DEFENSE

Plaintiffs' accounts at KC May were non-discretionary, and Plaintiffs had full control over their investment decisions in their accounts; any losses incurred were the result of market price fluctuations and risks Plaintiff knowingly assumed.

### TWENTY-FIRST DEFENSE

Plaintiffs cannot recover under a theory of conspiracy or any other cause of action because Curd's actions were lawful, done in good faith and for legitimate purposes.

### TWENTY-SECOND DEFENSE

Curd is not liable for any alleged damages arising out of Plaintiffs' direct purchase of shares from Mario Sabates because Plaintiffs voluntarily assumed the risk with respect to such shares and because the price for such shares was admittedly not set by the market.

### TWENTY-THIRD DEFENSE

The market for UTC shares was not efficient during the relevant time-period.

### TWENTY-FOURTH DEFENSE

Plaintiffs' conspiracy claim is barred because there was no agreement to commit unlawful acts or lawful acts in an unlawful manner, Curd had no knowledge of such agreement and Curd did not participate in such a conspiracy.

### TWENTY-FIFTH DEFENSE

Curd's actions were not the proximate cause of Plaintiffs' alleged harm.

### TWENTY-SIXTH DEFENSE

Curd hereby gives notice that he intends to rely upon any other defenses that may become available or appear during proceedings in this case.

WHEREFORE, Howard R. Curd demands judgment dismissing the Amended Complaint, together with awarding to him such other and further relief as this Court deems just and proper, including but not limited to the costs and expenses of this action, including legal fees.

Dated: New York, New York
       March 18, 2005

_____/s/ Ronald D. Lefton_____

GREENBERG TRAURIG, LLP
Ronald D. Lefton
David J. Stone
       Admitted for this action
200 Park Avenue, 15th Floor
New York, New York  10166
Tel: 212-801-9200
Fax: 212-801-6400

- and -

GREENBERG TRAURIG, P.A.
Tucker H. Byrd
Florida Bar No. 381632
450 South Orange Avenue
Suite 650
Orlando, Florida 32801
Tel: (407) 420-1000
Fax: (407) 420-5909

**Attorneys for DEFENDANT
HOWARD R. CURD**

I HEREBY CERTIFY on this 18th day of March, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Ross A. Albert, Esq.**
Counsel for Plaintiffs


**Robert R. Hearn, Esq., and Joshua R. Heller, Esq.**
Counsel for Plaintiffs

/s/  David J. Stone
GREENBERG TRAURIG, LLP
Admitted in this Case
MetLife Building
200 Park Avenue, 15th Floor
New York, NY 10166