UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

------------------------------------------------------------ X
MARIO SABATES,                                               :
                                                             :
                        Plaintiff,                           :   CIVIL ACTION NO.
                                                             :   8:04-cv-824-RAL-MSS
        - against -                                          :
                                                             :
HOWARD R. KC MAY, HOWARD F. KC                               :
MAY,                                                         :
EILEEN S. KC MAY, JESUP & LAMONT                             :
SECURITIES CORPORATION, and                                  :
KC MAY SECURITIES                                            :
CORPORATION,                                                 :
                                                             :
                        Defendants.                          :
------------------------------------------------------------ X

**DEFENDANTS HOWARD R. CURD
AND KC MAY SECURITIES CORPORATION'S
RESPONSE TO PLAINTIFFS' MOTION FOR CLARIFICATION
AND CROSS-MOTION FOR RELIEF**

Defendants Howard R. Curd and KC May Securities Corporation submit this response to Plaintiffs' Motion for Clarification.

On March 29, 2005, Plaintiffs filed a Motion for Clarification seeking to clarify a portion of the Court's March 1, 2005 Order (the "Order"). The Order granted in part and denied in part Howard R. Curd's Motion to Dismiss. The Order granted Curd's request to strike the purported incorporation of paragraphs from the related class-action complaint, *Bellocco*. The Order denied the remainder of Curd's motion, finding that the remainder of the Amended Complaints stated various causes of action. The Order did not expressly

identify which of Curd's alleged misstatements and omissions were sufficient to state a cause of action against him.

Plaintiffs interpret the Order's striking of the *Bellocco* allegations as a meaningless act. Defendants do not think the Court acted without purpose. Defendants, therefore, respond to Plaintiffs' Motion as follows:

- Because the *Bellocco* allegations have been stricken, none of the purported statements or omissions in that complaint remain in this case. Rather, Plaintiffs, who admit that "this is not a 'fraud on the market' case . . . [but] is a 'face to face' case" (*see* Docket No. 63 at 10), are limited to what was allegedly said directly to them.

- Although Plaintiffs have alleged that Curd defrauded the "investing public" (Mot. at 2), Plaintiffs do not purport to bring claims on behalf of the investing public. The allegations underlying such a claim were contained in *Bellocco* and have been stricken. The allegation that the investing public was defrauded is irrelevant to the remaining claims.

- Paragraphs 21 and 22 of the Amended Complaint, which are merely conclusory paragraphs premised on the allegations in *Bellocco*, do not purport to identify any statement or omission allegedly attributable to Curd and made to Plaintiffs. Absent the *Bellocco* allegations, these conclusory paragraphs are mere surplusage.

- The only statement in the Amended Complaint attributed to Curd with any specificity, as required by controlling Eleventh Circuit law, is the allegation that in June 2001 Curd told Felix Sabates that "General Electric or some other large corporation was about to acquire Uniroyal." (Am. Compl. ¶ 50.)

- The only alleged omissions alleged in this action are the five alleged omissions set forth, <u>inter alia</u>, at paragraph 51 of the Amended Complaint. Defendants note that the Amended Complaint does not attempt to relate these omissions to the June 2001 statement or to any other statement alleged so as to render that statement false or misleading.

- The stricken *Bellocco* allegations are not relevant to Plaintiffs' allegations of a "Curd Family Conspiracy," which, according to Plaintiffs, "forms the core of this entire" case. (Mot. at 4.) Issues addressed the *Bellocco* complaint, including alleged production problems at Uniroyal, are not relevant to whether there was an agreement between Howard R. Curd, Eileen S. Curd and Howard F. Curd to defraud Plaintiffs (or the market).

In the event that the *Bellocco* issues do remain in this action, Defendants, respectfully, will move pursuant to Local Rule 1.04(b) to consolidate this action with *Bellocco* for purposes of pre-trial discovery. Pursuant to Local Rule, that motion, to be heard by the Honorable James D. Whittemore, and will be premised on Plaintiffs' admission that the two actions share common questions of law and fact. (See Docket No. 2 ("Notice of Pendency of Other Actions").) It will also be based on Plaintiffs' admission that separate discovery in the two actions would result in an "unnecessary duplication of effort." (Docket No. 63 at 15.)

Coordination of discovery in this action with *Bellocco* will not amount to unreasonable delay. To the contrary, coordination will avoid, among other things, having two Judges of the same court oversee substantially the same discovery in two separate proceedings and requiring Defendants to respond to a document request in each case that will inevitably request different information and require duplication of the entire process.

WHEREFORE, Defendants Howard R. Curd and KC May Securities Corporation request that the Court DENY Plaintiffs' Motion for Clarification, and enter an order that (1) the issues underlying the *Bellocco* Complaint are not relevant to the issues remaining in the Amended Complaint and Plaintiffs are not entitled to broad discovery on those issues; (2) the only alleged statement attributable to Curd in the Amended Complaint is the June 2001 statement regarding a potential acquisition as alleged at paragraph 50 of the Amended Complaint; (3) the only alleged omissions attributable to Curd in the Amended Complaint are the five omissions alleged at paragraph 51 of Amended Complaint, and (4) to the extent

discovery on any of the remaining issues is duplicative of issues in the *Bellocco* action, such discovery is stayed pending coordination with *Bellocco*.

Dated: New York, New York
　　　　March 29, 2005

　　　　　　　　　　　　　　　　　　　　　____/s/ Ronald D. Lefton_____

　　　　　　　　　　　　　　　　　　　　　GREENBERG TRAURIG, LLP
　　　　　　　　　　　　　　　　　　　　　Ronald D. Lefton
　　　　　　　　　　　　　　　　　　　　　David J. Stone
　　　　　　　　　　　　　　　　　　　　　　　　Admitted for this action
　　　　　　　　　　　　　　　　　　　　　200 Park Avenue, 15th Floor
　　　　　　　　　　　　　　　　　　　　　New York, New York  10166
　　　　　　　　　　　　　　　　　　　　　Tel: 212-801-9200
　　　　　　　　　　　　　　　　　　　　　Fax: 212-801-6400

　　　　　　　　　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　　　　　　　GREENBERG TRAURIG, P.A.
　　　　　　　　　　　　　　　　　　　　　Tucker H. Byrd
　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 381632
　　　　　　　　　　　　　　　　　　　　　450 South Orange Avenue
　　　　　　　　　　　　　　　　　　　　　Suite 650
　　　　　　　　　　　　　　　　　　　　　Orlando, Florida 32801
　　　　　　　　　　　　　　　　　　　　　Tel: (407) 420-1000
　　　　　　　　　　　　　　　　　　　　　Fax: (407) 420-5909

　　　　　　　　　　　　　　　　　　　　　**Attorneys for DEFENDANT**
　　　　　　　　　　　　　　　　　　　　　**KC MAY SECURITIES CORPORATION**

I HEREBY CERTIFY on this 29th day of March, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Ross A. Albert, Esq.**
Counsel for Plaintiff


**Robert R. Hearn, Esq., and Joshua R. Heller, Esq.**
Counsel for Plaintiff


/s/  David J. Stone
GREENBERG TRAURIG, LLP
Admitted in this Case
MetLife Building
200 Park Avenue, 15th Floor
New York, NY 10166