UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIO A. SABATES,

    Plaintiff,

v.                               Civil Action No. 8:04-CV-824-T17MSS
                                Lazzara, J.

HOWARD R. CURD, HOWARD F. CURD,
EILEEN S. CURD, JESUP & LAMONT
SECURITIES CORPORATION, and
KC MAY SECURITIES
CORPORATION,

    Defendants.
_____

FELICIANO S. SABATES and
CAROLYN P. SABATES,

    Plaintiffs,

v.                               Civil Action No. 8:04-CV-825-T26MSS
                                Lazzara, J.

HOWARD R. CURD, HOWARD F. CURD,
EILEEN S. CURD, JESUP & LAMONT
SECURITIES CORPORATION, and
KC MAY SECURITIES
CORPORATION,

    Defendants.
_____/

## CASE MANAGEMENT REPORT

    1.    **Meeting of Parties:** Pursuant to Local Rule 3.05(c)(3)(A), a meeting was held on <u>March 18, 2005</u> at <u>10:00 a.m.</u> (and continued on March 30, 2005) by telephone and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Ross A. Albert, Esq. | Plaintiffs |
| Robert R. Hearn, Esq. | Plaintiffs |
| David J. Stone, Esq. | Defendants |

2. **Initial Disclosures:**

    a. Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed.R. Civ. P. 26(a)(1).[1]

The parties

__√__ have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before *April 15, 2005*.[2]

____ stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. *See* Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R, Civ. P. 26(a)(1)(A)-(D) "must be made at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. *See* Fed. R. Civ. P. 26(a)(1).

      have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:

3. **Discovery Plan - Plaintiff:** The parties jointly propose the following Plaintiff's discovery plan:

   a. <u>Plaintiffs Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

      (1) Requests for Admission: *Plaintiffs expect that they will serve Requests for Admission. The scope of these requests will be determined by the discovery in the case. The parties have agreed that they will serve any Requests for Admission no later than 45 days prior to the end of fact discovery as set forth herein.*

      *At this time, the parties have agreed not to limit the number of Requests for Admission but will be guided by the principles set forth in Fed. R. Civ. P. Rule 26(b)(2) in determining the number of Requests for Admission to serve on the other party. Defendants reserve the right to object to the number of Requests for Admission served by Plaintiffs.*

   <u>Number of Requests for Admission:</u> Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

      (2) <u>Written Interrogatories</u>: *Plaintiffs expect to serve written interrogatories in this case that will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general*

*description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature. The parties have agreed that they will not serve interrogatories until April 29, 2005.*

*At this time, the parties have agreed to abide by the limits on the number of Interrogatories set forth in the Local Rules and the Federal Rules of Civil Procedure.*

<u>Number of Interrogatories</u>: Local Rule 3.03(a) provides "[u[nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection:</u> *The parties have agreed that requests for production of documents shall not be issued until April 29, 2005.*

(4) <u>Oral Depositions:</u> *Plaintiffs estimate that they will need to take approximately 20 fact depositions in this case, including the below listed persons; however, Plaintiffs would request permission to take the same number of depositions as Defendants are allowed. The parties have agreed that oral depositions shall not be noticed until April 29, 2005, and that oral depositions shall not commence until May 31, 2005.*

*At this time, Plaintiffs expect that they will seek documentary discovery of and/or take the deposition of at least the following persons in this litigation:*

| <u>Name</u> | <u>Identification</u> |
|---|---|
| *Howard R. Curd* | *Defendant & Chairman and CEO of Uniroyal* |
| *Howard F. Curd* | *Son of Howard R. Curd; President, CEO and Sole Owner of KC May Securities Corporation; Director of Uniroyal* |
| *Eileen S. Curd* | *Wife of Howard R. Curd; Broker for Plaintiffs' Accounts at KC May Securities Corporation* |
| *Robert L. Soran* | *President and COO of Uniroyal* |
| *George J. Zulanas* | *Executive Vice-President & CFO of Uniroyal* |

4

| *Name* | *Identification* |
|---|---|
| Oliver J. Janney, Esq | Executive Vice-President, General Counsel and Secretary of Uniroyal |
| Deloitte & Touché LLP | Independent Auditors of Uniroyal |
| Vincent J. Glinski | Analyst, KC May/Jesup & Lamont |
| Joseph Shanahan | COO of KC May/Jesup & Lamont |
| Stephen J. DeGroat | CEO of Jesup & Lamont Securities Corporation |
| William Moreno | President of Jesup & Lamont Securities Corporation |
| Robert W. Turk, Esq. | Senior Attorney, National Association of Securities Dealers |
| John Lau of WitSoundview | Stock analyst covering Uniroyal |
| Gene E. Lewis | Chief Executive Officer of Sterling |
| James M. LeMunyon | President of Sterling |
| Carlos Valerias | Financial Advisor to Sterling |

*Additional members of the Curd family who may have traded in Uniroyal stock*

*Miscellaneous former employees of Uniroyal*

*Investment Bankers/Financial Advisors for Uniroyal*

*Investment Bankers/Financial advisors for Sterling*

*Miscellaneous directors, employees and officers of Emcore Corporation*

*Plaintiffs reserve the right to seek discovery from additional sources.*

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side by may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed.R.Civ.P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length Of Deposition | Grounds |
|---|---|---|

*The parties believe that most depositions in this case can be completed within the 7 hours contemplated by the Federal Rules. At this time, Plaintiffs*

5

*expect that they may need to take three depositions (Howard R. Curd, Howard F. Curd and Eileen Curd) in this case that would last for more than 7 hours. Defendants do not agree to this request. The parties have agreed to negotiate the length of individual depositions in good faith prior to making any request to the Court for an extension of the length of any deposition.*

    b.    <u>Disclosure of Non-Expert Testimony:</u> Parties stipulate that they will disclose all non-expert witnesses by the date listed below (no later than sixty (60) days prior to pre-trial conference):

        *No later than sixty (60) days prior to the pre-trial conference*

    c.    <u>Disclosure of Expert Testimony:</u> Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiffs Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

        *Plaintiffs' Expert Report will be due April 1, 2006.*

    d.    <u>Supplementation of Disclosures and Responses:</u> Parties agree that Plaintiffs supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

        *As information becomes available as required by Fed. R. Civ. P. Rule 26(e), but no later than 60 days prior to the end of fact discovery.*

    e.    <u>Completion of Discovery:</u> Plaintiff will commence all fact discovery in time for it to be completed on or before *March 1, 2006* and all expert discovery to be completed on or before *July 1, 2006.*

4.    **<u>Discovery Plan - Defendants:</u>** *Defendants reserve the right to seek consolidation of discovery with the* Bellocco *class action. Plaintiffs will object to any such consolidation to the extent it might delay, obstruct or make discovery in this case more expensive.*

The parties jointly propose the following Defendants' discovery plan:

    a.    <u>Defendants' Planned Discovery:</u> A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be

6

pursued:

(1) *Requests for Admission:* *The parties have agreed that they will serve any Requests for Admission no later than 45 days prior to the end of fact discovery as set forth herein.*

*At this time, the parties have agreed not to limit the number of Requests for Admission but will be guided by the principles set forth in Fed. R. Civ. P. Rule 26(b)(2) in determining the number of Requests for Admission to serve on the other party. Plaintiffs reserve the right to object to the number of Requests for Admission served by Defendants.*

Number of Requests for Admission: Parties may seek to limit the number of Defendants' requests for admission in accordance with Fed.R.Civ.P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) *Written Interrogatories:* *Defendants expect to serve written interrogatories in this case that will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature. The parties have agreed that they will not serve interrogatories until April 29, 2005.*

*At this time, the parties have agreed to abide by the limits on the number of Interrogatories set forth in the Local Rules and the Federal Rules of Civil Procedure.*

Number of Interrogatories: Local Rule 3.03(a) provides "[u[nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendants to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) *Requests for Production or Inspection:* *The parties have agreed that requests for production of documents shall not be issued until April 29, 2005.*

(4) *Oral Depositions:* *Defendants estimate that they will need*

7

*to take approximately 20 fact depositions in this case, including the below listed persons; however, Defendants would request permission to take the same number of depositions as Plaintiffs are allowed. Plaintiffs reserve the right to file motions to quash and/or seek protective orders for any and all depositions seeking Plaintiffs' personal financial and tax information, absent a clear showing of relevance. The parties have agreed that oral depositions shall not be noticed until April 29, 2005, and that oral depositions shall not commence until May 31, 2005.*

| Name | Identification |
| --- | --- |
| *Felix Sabates* | *Plaintiff* |
| *Mario Sabates* | *Plaintiff* |
| *Carolyn Sabates* | *Plaintiff* |
| *Goldman Sachs* | *Brokerage Firm* |
| *First Union* | *Brokerage Firm* |
| *UBS* | *Brokerage Firm* |
| *John J. Myers* | *Brokerage Firm* |
| *Vincent J. Glinski* | *Analyst, KC May/Jesup & Lamont* |
| *John Porter* | *Acquaintance of Felix Sabates and WorldCom Board Member* |
| *John Mattei* | *Acquaintance of Felix Sabates and Inktomi Board Member* |
| *Robert Levine* | *Acquaintance of Felix Sabates* |
| *John Lau of WitSoundview* | *Stock analyst covering Uniroyal* |
| *Gene E. Lewis* | *Chief Executive Officer of Sterling* |
| *James M. LeMunyon* | *President of Sterling* |
| *Carlos Valerias* | *Financial Advisor to Sterling* |

*Other brokers and financial advisers of Felix and Mario Sabates*

*Tax advisers for Felix and Mario Sabates*

*Miscellaneous research analysts that covered Uniroyal*

*Miscellaneous unnamed directors, employees and officers of Emcore Corporation*

*Miscellaneous unnamed directors, employees and officers of the former Sterling Semiconductors*

*Defendants reserve the right to seek discovery from additional sources.*

<u>Number of Depositions</u>: Local Rule 3.02(b) provides, "[i]n accordance with Fed.R.Civ.P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by

8

the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length Of Deposition | Grounds |
| --- | --- | --- |

*The parties believe that most depositions in this case can be completed within the 7 hours contemplated by the Federal Rules. At this time, Defendants expect that they may require two depositions (Felix S. Sabates and Mario A. Sabates) in this case for more than 7 hours. Plaintiffs do not agree to this request. The parties have agreed to negotiate the length of individual depositions in good faith prior to making any request to the Court for an extension of the length of any deposition.*

  b.   Disclosure of Non-Expert Testimony: Parties stipulate that they will disclose all non-expert witnesses by the date listed below (no later than sixty (60) days prior to pre-trial conference):

  *No later than sixty (60) days prior to the pre-trial conference*

  c.   Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed.R.Civ.P. 26(a)(2)(C), that Defendant's Fed.R.Civ.P. 26(a)(2) *Defendants' expert report will be due. D*isclosure will be due as noted here:

  *Defendants' Expert Report will be due May 1, 2006.*

  d.   Supplementation of Disclosures and Responses: Parties agree that Defendant's supplementation under Fed.R.Civ.P. 26(e) will be provided at the following times:

  *As information becomes available as required by Fed. R. Civ. P. Rule 26(e), but no later than 60 days prior to the end of fact discovery.*

  e.   Completion of Discovery: Defendant will commence all discovery in time for all fact discovery to be completed on or before *March*

9

*1, 2006* and all expert discovery to be completed on or before *July 1, 2006.*

5. **Joint Discovery Plan - Other Matters:** Parties agree on the following other matters relating to discovery:

   *Phases of Discovery:* The parties have agreed to the phases of discovery as set forth herein (and as illustrated by the attached preliminary schedule attached hereto).

6. **Disagreement or Unresolved Issues Concerning Discovery Matters:** Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

   *Number of Depositions*

   *The parties have agreed that each side should be permitted twenty depositions in this case.*

7. **Third Party Claims, Joinder of Parties, Potentially Dispositive Motions:** Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be *filed as set forth below.* (Note time limit in Local Rule 4.03.).

   a. *Motion for Leave to Join Parties or File Third Party Claims:* October 1, 2005.

   b. *Motions for Summary Judgment & Other Dispositive Motions:* Motions Due: September 1, 2006. Oppositions to Motions Due: November 1, 2006. Replies Due: December 15, 2006.

      *Defendants reserve the right to file a motion for partial summary judgment pursuant to Fed. R. Civ. P. 56(b) at any time prior to September 1, 2006, without waiving any rights to file additional motions at a later date. Plaintiffs object, and will object to any similar effort to file piecemeal or seriatim motions before the due date for all dispositive motions.*

8. **Settlement and Alternative Dispute Resolution:** Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

10

   Parties agree that settlement is
   ___ likely   (check one)

   _√_ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).  ____ yes _√_ no ____likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9.  **Consent to Magistrate Judge Jurisdiction:** The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636.

   ____yes  __√_ no    ____likely to agree in future

10.  **Preliminary Pretrial Conference:**

  Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

  *The parties understand that a preliminary pretrial conference is mandatory in this case.*

  Track Two Cases:  Parties

  ____request (check one)

  ____do not request

  a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include: *Not applicable.*

11.  **Final Pretrial Conference and Trial:** Parties agree that they will be ready for a final pretrial conference on or after *January 15, 2007* (date) and for trial on or after *December 15, 2007*. This Jury _√_ Non-Jury ____ trial is expected to take *approximately 2 weeks.*

12.  **Pretrial Disclosures and Final Pretrial Procedures:** Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed.R.Civ.P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

11

13. **Other Matters:**

*Not applicable.*

Dated: March 31, 2005

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s Ross A. Albert | /s David J. Stone |
| Donald A. Loft, Trial Counsel | Ronald D. Lefton |
| Ross A. Albert | David J. Stone |
| MORRIS, MANNING & MARTIN, LLP | GREENBERG TRAURIG, LLP |
| 1600 Atlanta Financial Center | MetLife Building |
| 3343 Peachtree Road, N.E. | 200 Park Avenue |
| Atlanta, GA 30326 | New York, New York 10166 |
| Telephone: (404) 233-7000 | Telephone: (212) 801-9200 |
| Facsimile: (404) 365-9532 | Facsimile: (212) 801-6400 |

and

/s Robert R. Hearn
Robert R. Hearn                                     Tucker H. Byrd, Esq.
Florida Bar No.: 0067687                      GREENBERG TRAURIG, P.A.
rhearn@zuckerman.com                       450 S. Orange Ave., Suite 650
Joshua Heller, Esq.                                Orlando, Florida 32801
ZUCKERMAN SPAEDER, LLP           Telephone: (407) 420-1000
101 E. Kennedy Blvd., Suite 1200         Facsimile: (407) 420-5909
Tampa, Florida 33602
Telephone: (813) 221-1010
Facsimile: (813) 223-7961

**Preliminary Schedule Based on Case Management Report**

| | |
|---|---|
| Defendants' Answers Due | March 18, 2005 (H.R. Curd) |
| | March 25, 2005 (KC May) |
| Rule 26(a) Disclosures Due | April 15, 2005 |
| Parties may begin serving Interrogatories and Deposition Notices to Parties, and Document and Deposition Subpoenas to Non-Parties | April 29, 2005 |
| Depositions may commence | May 31, 2005 |
| Last Day to Join Any Party | October 1, 2005 |
| End of Fact Discovery | March 1, 2006 |
| Plaintiffs' Expert Report Due | April 1, 2006 |
| Defendants' Expert Report Due | May 1, 2006 |
| Rebuttal Expert Report Due | June 1, 2006 |
| End of Expert Discovery | August 1, 2006 |
| Motions for Summary Judgment Due | October 1, 2006 |

[*Defendants reserve the right to file a partial motion for summary judgment on certain issues at an earlier date. Plaintiffs object. Plaintiffs will also object to any similar effort to file piecemeal or seriatim motions before the due date for all dispositive motions.*]

| | |
|---|---|
| Oppositions to Summary Judgment Due | December 1, 2006 |
| Reply on Motions for Summary Judgment Due | January 15, 2007 |
| Pre Trial Conference | February 1, 2007 |
| Trial | March 1, 2007 |