**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

```
-------------------------------------------------------- X
MARIO SABATES,                          :
                                        :
                    Plaintiff,          :        CIVIL ACTION NO.
                                        :        8:04-cv-824-RAL-MSS
         - against -                    :
                                        :
HOWARD R. KC MAY, HOWARD F. KC          :
MAY,                                    :
EILEEN S. KC MAY, JESUP & LAMONT        :
SECURITIES CORPORATION, and             :
KC MAY SECURITIES                       :
CORPORATION,                            :
                                        :
                    Defendants.         :
-------------------------------------------------------- X
```

**AMENDED ANSWER TO AMENDED COMPLAINT**

Defendant KC May Securities Corporation ("KC May"), by its attorneys Greenberg Traurig, LLP, for its amended answer to Plaintiff's Amended Complaint hereby states as follows:

**NATURE OF THE CASE**

1.    Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint.

**THE PARTIES**

2.    Admits that Mario Sabates owned a securities account for which defendant KC May Securities Corporation ("KC May"), formerly doing business under the name Jesup

& Lamont Securities Corporation,[1] was the forwarding broker, and denies having knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 2 of the Amended Complaint.

3.      Admits that Howard R. Curd was the Chairman and CEO of Uniroyal Technology Corporation ("UTC") at all relevant times and that Howard R. Curd resides in Florida, and denies the remainder of the allegations in paragraph 3.

4.      Admits that Howard F. Curd is the 100% owner of KC May, was a registered representative and principal at Jesup & Lamont CRD # 1786714, and resides in New York, and denies the remainder of the allegations in paragraph 4 of the Amended Complaint.

5.      Admits that Eileen S. Curd was a registered representative with KC May and that she is a resident of Florida, denies having knowledge and information sufficient to form a belief as to whether Eileen is a registered representative with the current Jesup & Lamont and denies the remainder of the allegations in paragraph 5.

6.      Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint.

7.      Admits that KC May is a corporation organized and existing under the laws of Delaware and that it was a broker-dealer registered with the NASD, CRD #17833, and denies the remainder of the allegations in paragraph 7.

---

[1] Plaintiff's Amended Complaint mistakenly refers to "Jesup & Lamont" as the relevant entity prior to February 2002.  For purposes of this Answer, Howard R. Curd assumes Plaintiff intended to refer to KC May.

## JURISDICTION AND VENUE

8.      The allegations in paragraph 8 of the Amended Complaint constitute legal conclusions to which no answer is required, and on that basis, KC May denies the allegations in paragraph 8.

9.      The allegations in paragraph 9 of the Amended Complaint constitute legal conclusions to which no answer is required, and on that basis, KC May denies the allegations in paragraph 9.

## FACTUAL BACKGROUND

10.      Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint.

11.      Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint.

12.      Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint.

13.      Admits that from approximately 1991 to February 2002, Howard F. Curd was the President, CEO and sole owner of KC May and denies the remaining allegations of paragraph 13 of the Amended Complaint.

14.      Denies the allegations in paragraph 14 of the Amended Complaint.

15.      Admits that in or around November 1990 Eileen Sena came to work for KC May and subsequently married Howard R. Curd.

16.      Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint.

3

17.     Denies the allegations contained in paragraph 17 of the Amended Complaint.

18.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint.

19.     Denies the allegations contained in paragraph 19 of the Amended Complaint, except admits that UTC sought to enter the high technology optoelectronics market and in 1998 entered into a joint venture with Emcore Corporation for the purpose, ultimately, to manufacture High Brightness Light Emitting Diodes (HB-LEDs) and admits that in 2000 UTC entered into a merger agreement by which it acquired Sterling Semiconductor Inc.

20.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint.

21.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint.

22.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint.

23.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint.

24.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint.

25.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and states further that the paragraphs from the *Bellocco* Complaint have been stricken.

26.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint.

27.     Denies the allegations in paragraph 27 of the Amended Complaint.

28.     Denies the allegations contained in paragraph 28 of the Amended Complaint except admits that at certain times, Howard F. Curd and other Curd family members owned securities accounts at KC May.

29.     Denies the allegations contained in paragraph 29 of the Amended Complaint except admits that KC May received certain investment banking and financial advisory fees from UTC and that Howard F. Curd served on UTC's Board of Directors as disclosed in UTC's public filings and other public documents.

30.     Denies the allegations in paragraph 30 of the Amended Complaint except admits that Vincent J. Glinski, a research analyst, prepared a number of research reports and notes on UTC that were issued by KC May.

31.     Denies the allegations contained in paragraph 31 of the Amended Complaint.

32.     Denies the allegations contained in paragraph 32 of the Amended Complaint and refers to the reports which speak for themselves.

33.     Denies the allegations contained in paragraph 33 of the Amended Complaint and refers to the reports which speak for themselves.

34.     Denies the allegations contained in paragraph 34 of the Amended Complaint and refers to the report which speaks for itself.

35.     Denies the allegations contained in paragraph 35 of the Amended Complaint and refers to the report which speaks for itself.

36.    Denies the allegations contained in paragraph 36 of the Amended Complaint and refers to the reports which speak for themselves.

37.    Denies the allegations contained in paragraph 37 of the Amended Complaint and refers to the reports which speak for themselves.

38.    Denies the allegations contained in paragraph 38 of the Amended Complaint.

39.    Denies the allegations contained in paragraph 39 of the Amended Complaint, except admits that there are NASD Rules of Conduct with which registered persons are required substantively to comply.

40.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Amended Complaint.

41.    The allegations of paragraph 41 constitute legal assertions and conclusions to which no response is required, and on that basis, KC May denies the allegations in paragraph 41.

42.    Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Amended Complaint.

43.    Denies the allegations contained in paragraph 43 of the Amended Complaint, except admits that the NASD Department of Enforcement filed a Complaint against Howard F. Curd and others alleging that Howard F. Curd engaged in wash trades, failed to obtain approval of sales literature prior to dissemination of research reports, failed to file research reports and the date of first use, failed to establish and maintain adequate written supervisory procedures and systems, failed to supervise adequately, failed to list accurately the amount of shares held in UTC on SEC Forms 3 and 5, and failed to file SEC Forms 4, and failed to

maintain certain records; KC May further states that the NASD <u>did not</u> allege that Howard R. Curd engaged in any fraudulent or misleading activity with respect to any of the research reports or notes, did not allege that the wash trades affected the price for UTC shares and states that the document speaks for itself.

44.    Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Complaint, except admits that Howard F. Curd settled the NASD's claims against him in which he did not admit liability.

45.    Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Amended Complaint.

46.    Denies the allegations contained in paragraph 46 of the Amended Complaint.

KC May objects to and denies the allegations contain in heading D of the Amended Complaint.

47.    Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Amended Complaint.

48.    Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint.

49.    Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Complaint.

50.    Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Amended Complaint.

51.     Denies the allegations contained in clauses (a) through (e) and therefore the predicate conclusion of this paragraph is illogical and false as to KC May and denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Complaint as to Eileen Curd, Howard F. Curd and Howard R. Curd.

52.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint.

53.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint.

54.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Amended Complaint, except admits that, based on account statements, Plaintiff bought and sold shares of UTC.

55.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Amended Complaint.

56.     Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained paragraph 56 of the Amended Complaint.

KC May objects to and denies the allegations contained in heading E of the Amended Complaint.

57.     Admits the allegations contained in paragraph 57 of the Amended Complaint.

58.     Denies the allegations contained in paragraph 58 of the Amended Complaint, except admits that Five Points acted as investment banker and owns a minority percentage of the company that bought the assets in the UTC bankruptcy.

**COUNT 1**
**CIVIL CONSPIRACY**
**AGAINST ALL DEFENDANTS**

59.     Denies the allegations contained in paragraphs 59, 60, and 61 of the Amended

Complaint.

**COUNT II**
**SECURITIES FRAUD**
**(SEC RULE 10B-5-**
**MISSTATEMENTS AND OMISSIONS)**
**AGAINST ALL DEFENDANTS**

60.     Denies the allegations contained in paragraphs 62, 63, 64, 65 and 66 of the

Amended Complaint.

**COUNT III**
**SECURITIES FRAUD**
**(SEC RULE 10B-5-**
**MARKET MANIPULATION)**
**AGAINST ALL DEFENDANTS**

61.     Denies the allegations contained in paragraphs 67, 68, 69, 70 and 71 of the

Amended Complaint.

**COUNT IV**
**FLORIDA CRCPA**
**(FLA. STAT. ANN. § 772.103(1) & (2))**
**AGAINST ALL DEFENDANTS**

62.     Denies the allegations contained in paragraphs 72, 73, and 74 of the Amended

Complaint.

**COUNT V**
**FLORIDA CRCPA**
**(FLA. STAT. ANN. § 772.103(4))**
**AGAINST ALL DEFENDANTS**

63.     Denies the allegations contained in paragraphs 75 and 76 of the Amended

Complaint.

**COUNT VI**
**FLORIDA CRCPA**
**(FLA. STAT. ANN. §§ 517.301(1))**
**<u>AGAINST ALL DEFENDANTS</u>**

64.    Denies the allegations contained in paragraph 77 of the Amended Complaint and, to the extent Plaintiff claim a failure to disclose certain things at clauses (a) through (e), denies the truth of the allegations in those clauses.

65.    Denies the allegations contained in paragraph 78 of the Amended Complaint.

**COUNT VII**
**SECURITIES FRAUD/BOILER ROOM**
**(FLA. STAT. ANN. §§ 517.312(1)(B))**
**AGAINST HOWARD R. CURD,**
**<u>HOWARD F. CURD AND EILEEN S. CURD</u>**

66.    Denies the allegations contained in paragraph 79 of the Amended Complaint.

67.    Denies the allegations contained in the first sentence of paragraph 80 of the Amended Complaint and denies having knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 80 of the Amended Complaint

68.    Denies the allegations contained in paragraphs 81 and 82 of the Amended Complaint.

**COUNT VIII**
**COMMON LAW FRAUD**
**AGAINST**
**HOWARD R. CURD, EILEEN S. CURD**
**<u>JESUP & LAMONT AND KC MAY</u>**

69.    Denies the allegations as to KC May, denies having knowledge and information sufficient to form a belief as to the truth of the allegations as to Howard R. Curd, Eileen Curd, and Jesup & Lamont, contained in paragraph 83 of the Amended Complaint.

70.    Denies the allegations contained in paragraph 84 of the Amended Complaint and to the extent Plaintiff claims a failure to disclose certain things at clauses (a) through (e), denies the truth of the allegations in those clauses.

71.    Denies the allegations contained in paragraphs 85, 86, and 87 of the Amended Complaint.

**COUNT IX**
**BREACHES OF FIDUCIARY DUTIES**
**AGAINST EILEEN KC MAY**
**JESUP & LAMONT AND KC MAY**

72.    Denies the allegations contained in paragraph 88 of the Amended Complaint.

73.    Denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Amended Complaint.

74.    Denies the allegations in paragraph 90 of the Amended Complaint.

**COUNT X**
**AIDING AND ABETTING**
**BREACHES OF FIDUCIARY DUTIES**
**AGAINST HOWARD R. CURD**
**AND HOWARD F. CURD**

75.    KC May answers Count X by stating that it is not asserted against it and therefore no answer is required, however, it denies all substantive allegations to the extent Plaintiff purport to assert them to allege a conspiracy.

76.    Denies the allegations contained in paragraphs 91 and 92 of the Amended Complaint.

## COUNT XI
## NEGLIGENT MISREPRESENTATION
## AGAINST
## HOWARD R. CURD, EILEEN CURD
## <u>JESUP & LAMONT AND KC MAY</u>

77.    Denies the allegations contained in paragraph 93 of the Amended Complaint as to KC May, denies having knowledge and information sufficient to form a belief as to the truth of the allegations as to Howard R. Curd, Eileen S. Curd, Jesup & Lamont.

78.    Denies the allegations contained in paragraphs 94 and 95 of the Amended Complaint.

## COUNT XII
## NEGLIGENCE
## AGAINST EILEEN KC MAY
## <u>JESUP & LAMONT AND KC MAY</u>

79.    Denies the allegations contained in paragraphs 96 through 98 of the Amended Complaint.

## <u>DEFENSES</u>

KC May hereby asserts the following defenses, without assuming any burden of proof that would otherwise fall on Plaintiff.

## <u>FIRST DEFENSE</u>

The Amended Complaint and each of its counts fail to state a claim on which relief can be granted against KC May.

## <u>SECOND  DEFENSE</u>

The Amended Complaint is barred in whole or in part by the applicable statutes of limitation and repose, including those set forth in the Securities Exchange Act of 1934, the Sarbanes Oxley Act, and the Florida Securities law.

## THIRD  DEFENSE

Plaintiff's alleged reliance on the statements and omissions alleged in the Amended Complaint was not reasonable.

## FOURTH  DEFENSE

KC May cannot be liable for Howard F. Curd's alleged wash trades or KC May's allege research reports because if Curd engaged in those actions, he did not do so at least in part to benefit KC May.  Nor can KC May be liable for Eileen S. Curd's alleged misstatements and omissions because if Eileen S. Curd engaged in those actions, she did not do so at least in part to benefit KC May.

## FIFTH  DEFENSE

Plaintiff's claims are barred because the alleged misrepresentations or omissions in the Amended Complaint were not material to Plaintiff.

## SIXTH  DEFENSE

Plaintiff's claims are barred because the Amended Complaint is devoid of any factual allegation concerning production or other problems at UTC during the relevant period.

## SEVENTH  DEFENSE

Plaintiff's claims are insufficient because they can not establish the elements of a claim under Rule 10b-5, Florida Securities Law, common-law fraud, or negligent misrepresentation, including, but not limited to (i) falsity, (ii) knowledge of falsity (iii) reasonable reliance (including fraud on the market), (iv) scienter, (v) materiality and (vi) loss causation.

## EIGHTH  DEFENSE

Plaintiff's claims are barred because he is a sophisticated and accredited investor who was familiar with the risks attendant to the high technology business and knowingly assumed those risks.

## NINTH  DEFENSE

Plaintiff's claims are precluded by the Safe Harbor Provisions of the PSLRA.

## TENTH  DEFENSE

Plaintiff cannot rely on any theory or doctrine of group pleading.

## ELEVENTH  DEFENSE

Plaintiff's claims are barred because he did not purchase or sell shares in reliance on the alleged misstatements or misrepresentations.

## TWELFTH  DEFENSE

Plaintiff's claims are barred by his failure to conduct adequate due diligence and review publicly available information regarding UTC which contained meaningful cautionary statements that preclude Plaintiff from prevailing on his claims.

## THIRTEENTH  DEFENSE

Plaintiff cannot rely on any alleged conflict of interest because Plaintiff had actual knowledge of an alleged conflict and is therefore estopped.

## FOURTEENTH  DEFENSE

The action is barred in whole or in party by Plaintiff's failure to mitigate damages.

## FIFTEENTH  DEFENSE

Plaintiff is barred from recovering under any of the purported causes of action because of unclean hands, assumption of the risk, comparative negligence and contributory negligence.

## SIXTEENTH  DEFENSE

Any damages allegedly suffered by Plaintiff is the result of factors for which KC May bears no responsibility, such as the overall decline of the market for high-technology stocks, or the acts of other people with whom KC May is not affiliated and for whom KC May is not liable.

## SEVENTEENTH  DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## EIGHTEENTH DEFENSE

Plaintiff has failed to join all necessary parties without whom the action may not proceed.

## NINETEENTH DEFENSE

Certain of Plaintiff's causes of action fail because NASD Conduct Rules do not provide Plaintiff with a private right of action.

## TWENTIETH DEFENSE

Plaintiff's account was non-discretionary, and Plaintiff had full control over investment decisions in his account; any losses incurred were the result of market price fluctuations and risks Plaintiff knowingly assumed.

### TWENTY-FIRST DEFENSE

Plaintiff cannot recover under a theory of conspiracy or any other cause of action because KC May's actions were lawful, done in good faith and for legitimate purposes.

### TWENTY-SECOND DEFENSE

The market for UTC shares was not efficient during the relevant time-period.

### TWENTY-THIRD DEFENSE

Plaintiff's conspiracy claim is barred because there was no agreement to commit unlawful acts or lawful acts in an unlawful manner, KC May had no knowledge of such agreement and KC May did not participate in such a conspiracy.

### TWENTY-FOURTH DEFENSE

KC May's actions were not the proximate cause of Plaintiff's alleged harm.

### TWENTY-FIFTH DEFENSE

Plaintiff's conspiracy claim against KC May is barred by the intracorporate conspiracy doctrine.

### TWENTY-SIXTH DEFENSE

Plaintiff cannot state claims against KC May under the laws of the State of Florida because, pursuant to contract, the relationship between the Plaintiff and KC May is governed by New York law.

### TWENTY-SEVENTH DEFENSE

KC May hereby gives notice that it intends to rely upon any other defenses that may become available or appear during proceedings in this case.

WHEREFORE, KC May demands judgment dismissing the Amended Complaint, together with awarding to him such other and further relief as this Court deems just and proper, including but not limited to the costs and expenses of this action, including legal fees.

Dated: New York, New York
      April 13, 2005

                                /s/ Ronald D. Lefton

                            GREENBERG TRAURIG, L.L.P
                            Ronald D. Lefton
                            David J. Stone
                                  Admitted for this action
                            200 Park Avenue, 15th Floor
                            New York, New York  10166
                            Tel: 212-801-9200
                            Fax: 212-801-6400

                                  - and -

                            GREENBERG TRAURIG, P.A.
                            Tucker H. Byrd
                            Florida Bar No. 381632
                            450 South Orange Avenue
                            Suite 650
                            Orlando, Florida 32801
                            Tel: (407) 420-1000
                            Fax: (407) 420-5909

                            **Attorneys for DEFENDANT**
                            **KC MAY SECURITIES CORPORATION**

I HEREBY CERTIFY on this 13th day of April, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Ross A. Albert, Esq.**
Counsel for Plaintiff


**Robert R. Hearn, Esq., and Joshua R. Heller, Esq.**
Counsel for Plaintiff


/s/  David J. Stone
GREENBERG TRAURIG, LLP
Admitted in this Case
MetLife Building
200 Park Avenue, 15th Floor
New York, NY 10166