**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROSA BELLOCCO, On Behalf of
Herself and all Others Similarly
Situated,
                        Plaintiff(s),

      v.                             Case No.:  8:02-CV-1141-T-27TBM
                                         Whittemore, J.
HOWARD R. CURD, ROBERT L. SORAN,
and GEORGE J. ZULANAS, JR.,

                       Defendants.
_____/


MARIO A. SABATES,
                 Plaintiff,

v.                             Case No. 8:04-CV-824-T26MSS
                                         Lazzara, J.
HOWARD R. CURD, HOWARD F. CURD,
EILEEN S. CURD, JESUP & LAMONT
SECURITIES CORPORATION, and
KC MAY SECURITIES
CORPORATION,
                 Defendants.
_____/


FELICIANO S. SABATES and
CAROLYN P. SABATES,
                 Plaintiffs,
v.                             Case No. 8:04-CV-824-T26MSS
                                         Lazzara, J.
HOWARD R. CURD, HOWARD F. CURD,
EILEEN S. CURD, JESUP & LAMONT
SECURITIES CORPORATION, and
KC MAY SECURITIES
CORPORATION,
                 Defendants.
_____/

### DEFENDANTS HOWARD R. CURD AND
### KC MAY SECURITIES CORPORATION'S
### MOTION TO CONSOLIDATE THE *SABATES*
### ACTIONS WITH THE *BELLOCCO* CLASS ACTION

Defendants Howard R. Curd ("Curd") and KC May Securities Corporation ("KC May," collectively "Defendants") hereby move pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Local Rule 1.04(b) to consolidate for pre-trial purposes the Amended Complaints in *Mario A. Sabates v. Howard R. Curd, et al.*, Civil Action No. 8:04-CV-824-T26MSS (Lazzara, J.), and *Feliciano S. Sabates, et al. v. Howard R. Curd, et al.*, Civil Action No. 8:04-CV-824-T26MSS (Lazzara, J.) (collectively, the "Amended Sabates Complaints," *Sabates* Docket Nos. 39, 40), with *Bellocco v. Howard R. Curd, et al.*, Civil Action No. 8:02-CV-1141-T-27TBM, (Whittemore, J.).

All three actions are pending before the United States District Court for the Middle District of Florida. Curd is a defendant in both actions. Plaintiffs in the Sabates Actions have admitted that the *Sabates* and *Bellocco* actions involve common questions of law and fact. They have admitted that separate discovery would require unnecessary and duplicative effort. Separate discovery will also greatly inconvenience the parties and numerous non-party witnesses. Consolidation of the actions will conserve judicial and party resources and prevent unnecessary confusion during pre-trial proceedings. Curd and KC May also request that the Court stay discovery proceedings in *Sabates* pending resolution of this motion.

### FACTUAL BACKGROUND

These actions arise out of the bankruptcy of Uniroyal Technology Corporation ("Uniroyal"). Beginning on or around June 26, 2002, a number of putative class action lawsuits were filed purporting to allege claims for securities fraud against Howard R. Curd,

the former Chairman and Chief Executive Officer of Uniroyal, and two other defendants who are former employees of Uniroyal. Those actions were consolidated before The Honorable James D. Whittemore under the lead case of *Bellocco*. A Consolidated Class Action Complaint was filed in *Bellocco* on or about November 14, 2002 (*Bellocco* Docket No. 43). The *Bellocco* Defendants moved to dismiss the *Bellocco* Action on or about January 16, 2003, and that motion, including objections to the Magistrate Judge's report and recommendation, remains *sub judice*. Discovery in *Bellocco* is stayed pending resolution of the motion to dismiss and objections to the report and recommendation.

Plaintiffs Feliciano Sabates and Carolyn Sabates filed a complaint on or about April 16, 2004. Plaintiff Mario Sabates filed his complaint on or about the same day. The two Sabates Complaints were almost identical. The Sabates Complaints purported to state claims against Curd and others for federal securities fraud and various state claims. The Sabates are putative class members and their complaints each purported to incorporate by reference all of the allegations in the *Bellocco* Action. (*Id.* ¶ 30.)

The Sabates Plaintiffs filed a Notice of Pendency of Other Actions (*Sabates* Docket No. 2) pursuant to Local Rule 1.04(c). The Notice of Pendency identified the *Bellocco* Action as a "related" case, admitting that the actions share common issues of law and fact. (*Id.*; Loc. R. 1.04(c).) Initially, Feliciano Sabates' complaint was assigned to The Honorable Elizabeth A. Kovachevich, and Mario Sabates' complaint was assigned to the Honorable Richard A. Lazzara. On or about May 5, 2004, Judge Kovachevich transferred the Feliciano Sabates action to Judge Lazzara "with his consent." The transfer order does not refer to the *Bellocco* action. On June 8, 2004, the Sabates Complaints were consolidated

for all purposes.  (*Sabates* Docket No. 9.)   On July 12, 2004, the Court dismissed the Sabates Complaints, *sua sponte*.  (*Sabates* Docket No. 30.)   On November 12, 2004, Plaintiffs filed the Amended Sabates Complaints.

The Amended Sabates Complaints also purport to allege fraud on the part of Howard R. Curd with respect to Plaintiffs' trading in Uniroyal stock.  (*Sabates* Docket No. 39 ¶ 3.) Although the Sabates Plaintiffs allege that Curd directly defrauded them through misleading "face to face" statements regarding Uniroyal (*id.* ¶ 50), they also allege that Curd defrauded the investing public.  (*Id.* at ¶ 22.)   The Amended Sabates Complaints purported to incorporate by reference 150 substantive paragraphs from *Bellocco*.  (*Id.* at ¶ 25.)  All of the Sabates Plaintiffs' claims against Curd ultimately are grounded in the *Bellocco* allegations.

To prove that Curd's alleged statements to them were fraudulent, the Sabates Plaintiffs will have to prove the exact same facts that the *Bellocco* Plaintiffs must prove to make their case.  In fact, the Sabates Plaintiffs' allegation that Curd defrauded the investing public is the exact same claim purportedly pleaded in *Bellocco*.  The Amended Sabates Complaints allege, in summary form, all of the issues from *Bellocco*.  (*Id.* ¶¶ 21, 22.)  They allege, for example, that "[f]rom at least February 8, 2000 through May 13, 2002, Howard R. Curd made and caused others to make, materially false and misleading statements about Uniroyal, in particular about the growth and business prospects of [Uniroyal's Optoelectronics and Secmiconductor Division.]  (*Id.* ¶ 21.)  The same allegation underlies the *Bellocco* Complaint: "During the Class Period [February 8, 2000 through May 13, 2002, Curd and others] issued a series of positive statements touting, among other things, the current and future production capabilities of the Division and the Division's future

prospects." (*Bellocco* Docket No. 43 ¶3.)

More specifically, the Sabates Plaintiffs allege that Curd and others made false and misleading statements that "UOL was capable of, and was in fact, mass producing commercially saleable HB-LEDs and other products; (b) Sterling was a valuable asset; and (c) Uniroyal had the resources to facilitate Sterling's expansion into the production of devices based on the latter's silicon compound semiconductors." (*Sabates* Docket No. 39 ¶ 21.) This allegation was copied almost verbatim from the *Bellocco* Complaint. (*Bellocco* Docket No. 39, ¶ 3.)

The Sabates Plaintiffs also allege that they were defrauded by KC May through Eileen Curd's conduct, Curd's wife, and by Howard F. Curd ("Howie"), Curd's son. Eileen was employed as a broker at KC May, and she allegedly was Plaintiffs' broker for some of their alleged purchases of Uniroyal shares. (*Id.* ¶¶ 47, 54.) Howie was president of KC May and for a portion of the alleged *Bellocco* class period, Howie was a member of Uniroyal's Board of Directors. The Sabates Plaintiffs, therefore, state claims against KC May based on Eileen's actions as its employee. The Sabates Plaintiffs allege that Eileen's statements to them regarding Uniroyal's prospects were knowingly false or misleading. (*Id.* ¶ 48.) Apparently, that allegation also relies solely on the facts from *Bellocco*. Eileen is not alleged to have been a Uniroyal insider, and the Sabates Plaintiffs have not alleged any basis for the allegation that Eileen knew or should have known her alleged statements to be false. The Sabates Plaintiffs have not alleged the basis for their belief that Eileen knew or should have known that any of her alleged statements regarding Uniroyal were false. Instead, they presume that Eileen, by virtue of her marriage to Curd, is charged with all of Curd's

knowledge about Uniroyal. To prove their claims against KC May, therefore, the Sabates Plaintiffs must first prove all of the same facts alleged in *Bellocco*.

Finally, the Sabates Plaintiffs allege that they were defrauded by market manipulation carried out by Curd's son, Howard F. Curd, who owned and controlled defendant KC May. (*Id.* 30-40.) That claim does not involve the factual predicate alleged in *Bellocco*.

Curd moved to dismiss the Amended Sabates Complaints on January 21, 2005. By order dated March 1, 2005, Judge Lazzara denied Curd's motion. (*Sabates* Docket No. 64.) By that same Order, Judge Lazzara also struck the Sabates Plaintiffs' purported incorporation of the *Bellocco* allegations.

Judge Lazzara recently clarified his March 1, 2005 Order.[1] (*Sabates* Docket No. 80.) Judge Lazzara explained that he did not intend to dismiss any of the Sabates Plaintiffs' "substantive claims or any allegations which were actually pleaded by [the Sabates] Plaintiffs in the amended complaints." (*Id.* at 3.) He further explained that the Sabates Plaintiffs are entitled to discovery "relating to all of the substantive claims and allegations in the amended complaints." (*Id.* at 3.) The Sabates Plaintiffs have sought discovery on all of issues alleged in *Bellocco*.

On or about March 31, 2005, the Sabates parties filed a joint proposed Case Management Report. (*Sabates* Docket No. 82.) The Sabates Plaintiffs identified sixteen people for deposition, half of whom are solely relevant to the *Bellocco* issues. The Sabates

---

[1]     Defendants' Memorandum in Opposition to Plaintiffs' Motion for Clarification reserved their right to seek consolidation of the *Sabates* actions with *Bellocco*. (*Sabates* Docket No. 79.)

Plaintiffs also disclosed that they reserve the right to seek additional discovery from "miscellaneous former employees of Uniroyal; Investment Bankers/Financial Advisors for Uniroyal; Investment Bankers/Financial advisors for Sterling; Miscellaneous directors, employees and officers of Emcore Corporation." All of this discovery would pertain solely to the *Bellocco* issues.

The Amended Sabates Complaints do contain issues that are not pleaded in *Bellocco*. These involve the content of alleged direct conversations between Howard R. Curd and the Sabates Plaintiffs, alleged conversations between Curd's wife and the Sabates Plaintiffs, and alleged manipulative activity by Curd's son. Those allegations purport to allege a conspiracy to defraud the market with respect to Uniroyal shares and ultimately are dependent upon proof of the very same fraud as asserted in *Bellocco*. The vast bulk of the discovery will duplicate the discovery relevant from *Bellocco*.

On April 4, 2005, Judge Lazzara entered a Case Management and Scheduling Order in the Sabates Actions. (*Sabates* Docket No. 83.) Pursuant to that order, the Sabates Plaintiff are seeking full discovery on the *Bellocco* issues from Curd, KC May and numerous non-parties. If the *Bellocco* action survives the pending motion to dismiss, Curd, KC May and those same non-parties would have to provide all of the same discovery again for *Bellocco*, including document production and deposition testimony. The parties are about to commence lengthy, expensive discovery in the Sabates Actions, almost all of which will concern the joint issues with *Bellocco*. Curd and KC May, therefore, seek to consolidate that discovery with *Bellocco* to avoid unnecessary duplication of cost and effort.

---

Defendants did not cross-move for consolidation. Judge Lazzara's Order on the Motion for

## ARGUMENT

The Sabates Actions share common questions of law and fact with the *Bellocco Action* and, if not consolidated, will require duplication of judicial labor and result in confusion to the Parties. In fact, the Sabates Plaintiffs admitted in papers filed with the Court that if discovery proceeded independently in the two actions, it would "result in unnecessary duplication of effort." (*See Sabates* Docket No. 55 at 15.)

If the *Bellocco* Complaint survives the pending motion to dismiss, the overlapping issues of fact and law will be significant. The Sabates Plaintiffs' allegations of fraud against Curd and KC May, through Eileen Curd, are based solely on the allegations set forth in the *Bellocco* complaint. The *Bellocco* Complaint identifies numerous allegedly misleading public statements by Uniroyal, Curd and two other defendants; it purports to allege a class period from February 2000 through May 2002; it seeks inquiry into the operations and results of at least two Uniroyal divisions; and it calls into question Uniroyal's accounting practices. Discovery proceedings related to the common *Bellocco* issues would likely involve the massive document production, deposition testimony and non-party discovery common in securities class actions. The Sabates Plaintiffs' discovery demands with respect to the issues independent to the Sabates Actions will likely be limited to deposition testimony from a small number of individuals and production of those individuals' personal documents. Therefore, the Amended Sabates Complaints should be consolidated with the *Bellocco* Action for all pre-trial purposes.

A.    **The Court Has Broad Discretion To Consolidate The Actions**

---

Clarification did not address consolidation.

Pursuant to Rule 42(a), district courts have broad authority to consolidate actions involving a common question of law or fact.  Rule 42(a) is to be "applied liberally" where appropriate. *See In re Air Crash Disaster at Florida Everglades on December 29, 1972 v. Eastern Airlines, Inc*., 549 F.2d 1006, 1013 (5th Cir. 1977).  Rule 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

*See also, Hargett, III v. Valley Federal Savings Bank*, 60 F.3d 754, 765-66 (11th Cir. 1995) ("'[t]he proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)'"), quoting *Miller v. United States Postal Serv*., 729 F.2d 1033, 1036 (5th Cir. 1984).

"Consolidation of related complex actions, and securities cases in particular, is commonplace and an effective use of judicial resources."  *In re Sunbeam Securities Litigation*, 1998 WL 1990884 * 2 (S.D.Fla 1998). "Consolidation, moreover, will prevent unnecessary expense and delay."  *Vincelli v. Nat'l Home Health Care*, 112 F.Supp.2d 1309, 1316 (M.D. Fla. 2000).  In securities cases, "[c]ourts have taken the view that considerations of judicial economy favor consolidation . . . where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced."  *Vincelli*, 112 F.Supp.2d at 1312-1313 (M.D. Fla. 2000) (internal citations omitted).

In *In re Sunbeam Securities Litigation*, supra, the court held that consolidation was appropriate because the "allegations stem from a common course of conduct by [the corporation], its officers, and its accounting firm" and [t]he [contesting plaintiff's] action alleges substantially similar claims that share common questions of fact and law." *Id*. at *2.

The Eleventh Circuit has noted that applying Rule 42(a) at the pretrial stage "expedite[s] the trial and eliminate[s] unnecessary repetition and confusion." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) quoting *Dupont v. Southern Pacific Co.*, 336 F.2d 193, 195 (5th Cir. 1966), cert denied, 386 U.S. 958 (1967). Therefore, the court directed district courts to consider   "[W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Id.* citing *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), cert. denied, 460 U.S. 1102 (1983)

**B.    The Actions Should Be Consolidated For Pre-Trial Proceedings.**

Due to the undeniable overlap of issues, all of the factors compelling consolidation are present here.  To prove their claims against Curd and KC May, the Sabates Plaintiffs must prove the same facts that are alleged in *Bellocco*.  They will, therefore, need to take the same discovery that the *Bellocco* Plaintiffs will take if that action proceeds, and the Sabates Plaintiffs have commenced such discovery.  Indeed, the Sabates Plaintiffs have admitted that their complaints raise issues of law and fact that are common to *Bellocco*, satisfying the

standard for consolidation. The issues and allegedly false statements in *Bellocco* are apparently all relevant in *Sabates*.

Having two judges oversee the same pre-trial proceedings regarding the *Bellocco* issues would be an inefficient use of the Court's resources. It could also lead to confusion and prejudice to the parties and witnesses involved. For example, the two judges might issue different rulings on similar motions for protective orders or motions to compel filed in the two actions. Defendants will be served with document demands in each case that will, inevitably, differ in scope to some extent. Defendants, therefore, would not be able to simply produce the same documents, but will be forced to undertake a massive document review twice. Finally, having two judges decide motions for summary judgment that raise the same issues of fact and law could lead to inconsistent and contradictory rulings.

The Court should consolidate discovery for the additional reason that duplicative discovery would require parties and non-party witnesses to provide deposition testimony on the same subjects in each action. *In re Aviation Prods. Liab. Litig.*, 347 F. Supp. 1401, 1403-04 (Jud. Pan. Mult. Lit. 1972) ("For the convenience of the parties and witnesses it is highly desirable that witness relevant to common issues be depose but once. And only through a coordinated pretrial discovery program, tailored to fit the discovery needs of each party and supervised by a single judge, can overlapping and duplicitous discovery be avoided.").

The Sabates Plaintiffs have just served discovery that purports to require Curd to produce documents concerning all of the issues in *Bellocco*. The Sabates Plaintiffs have also proposed to take up to twenty depositions, the majority of which involve non-parties whose testimony is likely to be sought in *Bellocco* as well. Forcing any person, especially the many

non-parties identified by the Sabates Plaintiffs, to provide testimony twice would be unfair and overly burdensome. *See, e.g., Soto v. Bey Trasnp. Co.*, 1997 WL 407247 at *2 (July 21, 1997 S.D.N.Y.) (consolidating actions and transferring to protect parties, witnesses and the public against unnecessary expense); *Vincoy v. U.S.*, No. Civ. 97-2965C/LFGACE, 1998 WL 1668877 at *2 (Feb. 28, 1998 D.N.M.) (denying motion to sever pursuant to Rule 42 where witnesses will have to testify in both trials); *In re Unisys Savings Plan Litig.*, No. 91-3067, 1997 WL 299425 at *2 (E.D. Pa. 1997) (denying severance to prevent "inconvenience, particularly if the same witnesses may be needed to testify at both trials). Uniroyal is bankrupt and in the process of liquidating its assets. It has no employees. Therefore, except for the three named defendants, all of the deposition testimony sought by the Sabates Plaintiffs would come from non-parties over whom Defendants have no control. Absent consolidation, the non-parties would be forced to attend depositions and provide document disclosure once in the *Sabates* Actions and then a second time in *Bellocco*.

The Sabates Plaintiffs elected to opt-out of *Bellocco* and file actions raising issues identical to *Bellocco* – indeed, they filed a Notice of Pendancy acknowledging that the cases involve the same issues of law and fact. They should have anticipated that the Court would not permit them to conduct independent discovery that may have to be duplicated in *Bellocco* at great expense and inconvenience to the parties and non-parties. Defendants did not seek consolidation earlier because they were waiting for Judge Whittemore to rule on the outstanding Motion to Dismiss in *Bellocco*. Defendants seek consolidation now because discovery is imminent in *Sabates*.

Consolidating the actions at this stage would not prejudice the Sabates Plaintiffs. They will be in the same position as they would have been had the cases been consolidated at the outset. Prior to this point, the Sabates parties have engaged in the motion practice – the same motion practice that would have occurred had the cases been consolidated at the outset. Subsequent to motion practice, the Sabates Plaintiffs have done little more than draft discovery requests – again, incurring the same costs they would incur if the cases were consolidated.

Moreover, it is not sufficient to defeat consolidation merely by arguing that the Bellocco Plaintiffs could attend the depositions in *Sabates*. Discovery in *Bellocco* is stayed pursuant to the statutory provisions of the Private Securities Litigation Reform Act. That stay would prevent the *Bellocco* Plaintiffs from participating in the *Sabates* discovery process and depositions. If the *Bellocco* stay is subsequently lifted and that case proceeds, the *Bellocco* Plaintiffs would still have to propound essentially the same discovery and take the depositions of many of the same witnesses.

## CONCLUSION

For all the reasons set forth above, Curd and KC May respectfully request that the Court consolidate the above-captioned actions for all pre-trial purposes, including discovery. Curd and KC May request that the actions be consolidated before Judge Whittemore because *Bellocco* was the first filed action and the allegations in *Sabates* incorporate and are dependent upon the allegations of *Bellocco*. Finally, Curd and KC May request that the Court stay discovery proceedings in the *Sabates* pending resolution of this motion. Pursuant to Local Rule 1.04(b), this Motion shall be determined by Judge Whittemore.

Dated: May 6, 2005

GREENBERG TRAURIG, LLP


By:_____/s/ Ronald D. Lefton_____
    Ronald D. Lefton
    Admitted for both actions
    MetLife Building
    200 Park Avenue, 15th Floor
    New York, NY 10166
    Tel: 212-801-9200
    Fax: 212-801-6400

     - and -

GREENBERG TRAURIG, P.A.
Tucker H. Byrd
Florida Bar No. 381632
450 South Orange Avenue
Suite 650
Orlando, Florida 32801
Tel: (407) 420-1000
Fax: (407) 420-5909

**Attorneys for DEFENDANTS HOWARD R. CURD AND KC MAY SECURITIES CORPORATION**

## LOCAL RULE 3(g) CERTIFICATION

I HEREBY CERTIFY, pursuant to Local Rule 3(g), that I conferred with or attempted to confer with Plaintiffs counsel in *Sabates* and *Bellocco* regarding the relief sought by this motion.  On May 5, 2005, I spoke with Ross Albert, counsel for the Sabates Plaintiffs.  Mr. Albert would not agree to the relief requested here.  On May 6, 2005, I attempted to confer with Jeffrey M. Haber, lead Plaintiffs' counsel in *Bellocco*.  I was informed that Mr. Haber was out of the office, and I left a message for Mr. Haber informing him of the reason for my call and asking him to contact me.

                                                       _____/s/ David J. Stone_____
                                                        David J. Stone
                                                       GREENBERG TRAURIG, LLP
  Admitted in the *Sabates* action
  MetLife Building
  200 Park Avenue, 15th Floor
  New York, NY 10166
  (212) 801-9200

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 6th day of May, 2005, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice

of electronic filing to the following:


**Ross A. Albert, Esq.**
Counsel for Plaintiffs Mario A. Sabates,
Felix S. Sabates and Carolyn P. Sabates


**Robert R. Hearn, Esq., and Joshua R. Heller, Esq.**
Counsel for Plaintiff Mario A. Sabates,
Felix S. Sabates and Carolyn P. Sabates


I also hereby certify that that true and correct copies of the have been furnished by

Federal Express, overnight delivery, to lead Plaintiffs' counsel in the *Bellocco* Action,

Bernstein Leibhard & Lifshitz, LLP and Barker, Rodems & Cook, and by U.S. mail to all

other counsel at their respective addresses listed on the attached service list, this 6th day of

May, 2005.


/s/  Ronald D. Lefton
GREENBERG TRAURIG, LLP
Admitted in this both actions
MetLife Building
200 Park Avenue, 15th Floor
New York, NY 10166
(212) 801-9200

## BELLOCCO ACTION SERVICE LIST

Jeffrey M. Haber, Esq.
Felicia Stern, Esq.
Bernstein Leibhard & Lifshitz, LLP
10 E. 40th Street
22nd Floor
New York, NY 10016

Andrew Schatz, Esq.
Wayne T. Boulton, Esq.
Schatz & Nobel, P.C.
330 Main Street
Hartford, CT 06106-1851

John G. Emerson, Esq.
The Emerson Firm
1509 Louisiana, Suite C & D
Little Rock, AR 72202-5094

Kenneth J. Vinale, Esq.
Tara Isaacson, Esq.
Milberg Weiss Bershad, et al.
5355 Town Center Road, Suite 900
Boca Raton, FL 33486

Paul J. Geller, Esq.
Howard R. Coates, Esq.
Jack Reise, Esq.
Cauley, Geller Bowman & Coates, LLP
2255 Glades Road, Suite 421A
Boca Raton, FL 33431

Curtis V. Trinko, Esq.
Law Offices of Curtis V. Trinko
16 W. 46th Street, 7th Floor
New York, NY 10036

Elizabeth Shattuck Finberg, Esq.
Cohen Milstein Hausfeld, et al.
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC 20005-3965

Charles J. Piven, Esq.
Law Offices of Charles J. Piven, P.A.
World Trade Center, Suite 2525
401 E. Pratt Street
Baltimore, MD 21202

Oliver J. Janney, Esq.
Uniroyal Technology Corporation
3401 Cragmont Drive
Tampa, Florida  33619

Marc A. Topaz, Esq.
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

Robert I. Harwood, Esq.
Jeffrey M. Norton, Esq.
Frederick W. Gerkens, III, Esq.
Wechsler, Harwood, Halebian, et al.
488 Madison Avenue, 8th Floor
New York, NY 10022

John R. Bush, Esq.
Ross Gardner Warren & Rudy, P.A.
220 South Franklin Street
P.O. Box 3913
Tampa, FL 33601-3913

Chris Barker, Esq.
Barker, Rodems & Cook
300 W. Platt Street, Suite 150
Tampa, FL  33606